IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

Civil Action No. 10-cv-01582-MSK-MJW

ROSE BANKS,
GWENDOLYN SOLOMON
KENDRA HAUGHTON,
JANETTE WILLIAMS,
BARBARA McKENZIE,
THOMAS E. WILLIAMS, Jr.,
CHARLISA STEWART,
MICHELLE HARRIS, and
SHARON PARKS,

       Plaintiffs,

v.

THE DEPARTMENT OF JUSTICE, and
THE FEDERAL BUREAU OF INVESTIGATION,

       Defendants.

---

## PROTECTIVE ORDER ( Docket no 52-1 )

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other

information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of any of the parties to this action or other protected confidentiality interests. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys, including agency counsel, actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives for the entity Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice:  "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." To the extent that a party obtains records pursuant to a subpoena or records release, any

3

party may inform the requesting party that it is seeking confidential treatment of the responsive documents and such documents will be treated as if marked "CONFIDENTIAL."

7.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.      The parties may further designate certain discovery material or testimony of a highly confidential or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material").  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court or to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), but shall not be disclosed to a party, unless otherwise agreed or ordered. All other provisions in this Order with respect to confidentiality shall also apply to Attorney's Eyes Only Material.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.

4

The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.    In an effort to avoid any inadvertent disclosure of sensitive information, all documents that have been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order, if attached to a public filing, will be filed as a "Level 1" restricted document.  Additionally, the filing attorney shall submit as a Level 1 restricted document any other filings, including without limitation substantive motions and briefs, if such filings contain information derived from documents produced to them under this Protective Order that have been designated

5

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." In accordance with D.C.COLO.LCivR 7.2, either contemporaneously or within 14 days of the filing of the sealed pleading or document, either party may file a motion to restrict access to the restricted pleading or document.

11.    Privacy Act. Documents produced in this litigation may include materials encompassed by the Privacy Act of 1974, 5 U.S.C. § 522a.  If Defendants produce to Plaintiffs a document that would otherwise be protected by the Privacy Act, this order is an order of the Court pursuant to 5 U.S.C. § 552a(b)(11), which allows for such production. Defendants may designate such information as CONFIDENTIAL and subject to this Order. Defendants are hereby authorized to release such documents pursuant to 5 U.S.C. § 552a(b)(11).

12.    At the conclusion of this case, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

6

DATED this 21ˢᵗ day of June, 2012.

BY THE COURT:

U.S. Magistrate Judge Michael J. Watanabe